# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE EASTERN DISTRICT OF MICHIGAN

In re: Catera Shepard,

Debtor.

Case No. 25-32768-jda

Chapter 7

Hon. Applebaum

## DEBTOR'S EMERGENCY MOTION FOR IMMEDIATE TEMPORARY RELIEF AND INJUNCTIVE RELIEF TO STAY ENFORCEMENT OF EVICTION ORDER PURSUANT TO 11 U.S.C. §105(a)

**EMERGENCY RELIEF REQUESTED: Debtor requests that this Court grant immediate temporary relief staying enforcement of the eviction order pending a full hearing on this Motion, as the harm to Debtor is imminent and may occur before the Court can conduct a hearing. Debtor faces immediate homelessness if enforcement is not stayed on an emergency basis.**

Debtor Catera Shepard, proceeding pro se, hereby moves this Court on an emergency basis for immediate temporary relief and an injunction pursuant to 11 U.S.C. §105(a) staying enforcement of the eviction order entered against her in the 67th District Court, County of Genesee, State of Michigan, by Millerwest Apartments. In support thereof, Debtor states as follows:

## I. INTRODUCTION

This case presents a straightforward question: can a landlord's attorney circumvent an active federal bankruptcy stay by raising a procedural technicality — Form 101B — that she herself failed to raise for three months while simultaneously filing eviction motions in state court without first obtaining relief from the automatic stay in bankruptcy court? The answer is no. The automatic stay imposed by 11 U.S.C. §362(a) upon Debtor's filing on December 23, 2025 has been continuous throughout this case. This case was reopened — never replaced. The stay never terminated. Every action Millerwest Apartments has taken against Debtor in state court since December 23, 2025 without first obtaining relief from this Court has been in willful violation of federal law.

## II. JURISDICTION AND AUTHORITY

This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§157 and 1334. This is a core proceeding under 28 U.S.C. §157(b). Pursuant to 11 U.S.C. §105(a), this Court may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of the Bankruptcy Code, including issuing injunctions to protect debtors from irreparable harm during the pendency of their bankruptcy cases.

## III. THE AUTOMATIC STAY HAS BEEN CONTINUOUS AND UNINTERRUPTED

Debtor filed her voluntary Chapter 7 petition on December 23, 2025. The automatic stay under 11 U.S.C. §362(a) went into immediate effect at that moment. This case was briefly and administratively dismissed for failure to file schedules but was reopened by Court order on January 15, 2026. This is the same case — Case No. 25-32768-jda

— not a new filing. The reopening of this case reinstated and continued the protections of the automatic stay. The stay has been in continuous effect throughout the pendency of this case.

As of the date of this Motion, Debtor's Chapter 7 case remains fully active. The Chapter 7 Trustee held a hearing on April 14, 2026 and rescheduled the matter to a later date in April 2026 to review documents submitted by Debtor. The case has not been dismissed. The automatic stay is in full force and effect.

## IV. DOCUMENTED TIMELINE OF MILLERWEST'S CONDUCT

The court record of the 67th District Court reveals a pattern of conduct by Millerwest Apartments that demonstrates a persistent effort to circumvent the federal automatic stay rather than comply with it:

**December 2, 2025:** Pre-petition eviction judgment entered against Debtor in 67th District Court.

**December 23, 2025:** Debtor files Chapter 7 bankruptcy. Automatic stay immediately in effect. Millerwest files an order for eviction the same day — after the stay is in place.

**December 29, 2025:** 67th District Court receives notice of bankruptcy stay.

**January 6, 2026:** 67th District Court enters eviction order against Debtor while the automatic stay is in full effect. This order is void as a matter of law as it was entered in violation of the automatic stay.

**January 12, 2026:** Millerwest files notice of dismissal of bankruptcy and action to remove bankruptcy stay — exploiting a brief administrative dismissal to attempt to push through an eviction order.

**April 2, 2026:** Millerwest files a new motion for eviction in state court while Debtor's bankruptcy case is fully active — without first seeking or obtaining relief from the automatic stay in this Court. This filing itself constitutes a willful violation of the automatic stay.

**April 14, 2026:** Millerwest obtains eviction order in state court based on Debtor's failure to file Form 101B — an argument Millerwest's counsel never raised in the three months prior despite having full knowledge of the bankruptcy filing.

## V. THE FORM 101B ARGUMENT IS UNTIMELY AND INEQUITABLE

Millerwest's reliance on Form 101B at the April 14, 2026 hearing is both untimely and fundamentally inequitable for the following reasons:

First, if the Form 101B deadline expired in January 2026, Millerwest's attorney knew of this requirement at that time and failed to raise it then. Instead, Millerwest continued filing eviction motions in state court without ever seeking relief from the automatic stay in this Court through proper channels. Millerwest cannot be permitted to strategically withhold a procedural argument for three months and deploy it only when convenient.

Second, and critically, if this Court is to consider the Form 101B deadline against Debtor — a pro se litigant with no legal training who had no knowledge this form existed — then equity demands that Debtor be permitted to file Form 101B now, nunc pro tunc, under the same equitable principles. It is fundamentally unjust to hold a pro se debtor to a strict procedural deadline while simultaneously permitting a represented party with legal counsel to raise that same deadline as a sword months after it expired. Courts sitting in equity do not operate that way.

Third, the doctrine of laches bars Millerwest from asserting the Form 101B argument after an unreasonable delay that has prejudiced Debtor. Millerwest's three-month silence on this issue — during which Debtor continued to rely on the protections of the automatic stay — constitutes exactly the kind of prejudicial delay that laches is designed to prevent.

**VI. THE JANUARY 6, 2026 EVICTION ORDER IS VOID**

The 67th District Court entered an eviction order against Debtor on January 6, 2026. At that time Debtor's Chapter 7 bankruptcy was in effect and the automatic stay was operative. Any order entered in violation of the automatic stay is void ab initio — void from the beginning — as a matter of federal bankruptcy law. Easley v. Pettibone Michigan Corp., 990 F.2d 905 (6th Cir. 1993). The January 6, 2026 eviction order upon which Millerwest now relies is therefore a nullity and cannot serve as a valid basis for enforcement.

**VII. LEGAL STANDARD FOR §105(a) INJUNCTIVE RELIEF**

To obtain injunctive relief under §105(a), a debtor must demonstrate: (1) a likelihood of success on the merits; (2) irreparable harm if the injunction is not granted; (3) that the balance of hardships favors the debtor; and (4) that the public interest would not be disserved by the injunction. All four factors weigh decisively in Debtor's favor.

**A. Likelihood of Success on the Merits**

Debtor has a strong likelihood of success. The automatic stay has been continuous and uninterrupted throughout this case. The January 6, 2026 eviction order is void as a matter of law. Millerwest's April 2, 2026 eviction motion was itself a stay violation. The Form 101B argument is untimely, inequitable, and subject to equitable relief. Debtor has demonstrated consistent good faith cooperation with the Trustee by submitting all requested documents, filing a sworn corrective declaration, and appearing at all scheduled hearings.

**B. Irreparable Harm**

The harm to Debtor if this injunction is not granted is immediate and irreparable. Enforcement of the eviction order will render Debtor homeless. She has no financial resources to secure alternative housing on an emergency basis. This harm is not compensable by monetary damages after the fact. Debtor further notes that the harm is imminent — Millerwest's counsel stated at the April 14, 2026 hearing that their client is eager to begin the eviction process immediately.

**C. Balance of Hardships**

The balance of hardships weighs overwhelmingly in Debtor's favor. The harm to Debtor is homelessness — catastrophic, immediate, and irreversible. The harm to Millerwest from a brief stay of enforcement while this Court considers the matter is minimal. Millerwest retains full legal remedies through proper bankruptcy court channels. Furthermore Millerwest's own pattern of willful stay violations weighs heavily against equitable relief in their favor.

**D. Public Interest**

The public interest strongly favors granting this injunction. The bankruptcy system exists to protect honest debtors. Permitting a represented landlord to exploit procedural technicalities against a pro se debtor — while that same landlord has committed multiple documented violations of the automatic stay — would fundamentally undermine the integrity of the bankruptcy system and the protections Congress intended for vulnerable debtors.

**VIII. RELIEF REQUESTED**

Debtor respectfully requests that this Court:

> 1. Grant immediate temporary relief staying enforcement of the eviction order entered by the 67th District Court on April 14, 2026, pending a full hearing on this Motion, as the harm to Debtor is imminent and may occur before the Court can conduct a hearing;

2. Upon full hearing, issue a permanent injunction staying enforcement of the eviction order for the duration of Debtor's active bankruptcy case;

3. Declare the January 6, 2026 eviction order entered by the 67th District Court void ab initio as having been entered in violation of the automatic stay;

4. Permit Debtor to file Official Form 101B nunc pro tunc given her pro se status and lack of knowledge of the requirement, and in the interest of equity given Millerwest's own untimely assertion of the Form 101B argument;

5. Schedule an emergency hearing on this Motion at the Court's earliest convenience; and

6. Grant such other and further relief as this Court deems just, equitable, and proper.

---

Respectfully submitted,

_Catera Shepard_

Catera Shepard, Pro Se Debtor

G3100 Miller Road, Apartment 7B

Flint, MI 48507

shepardc.CS@gmail.com

Date: ___04/15/2026_____