In re:

CATERA SHEPARD                                          Chapter 7
                                                       Case No. 25-32768
                        Debtor.                        Judge Joel D. Applebaum

_____/

**MILLER WEST APARTMENTS AND KATHLEEN M. MAIN'S BRIEF
IN RESPONSE TO THE DEBTOR'S MOTION FOR SANCTIONS**

MIMG CCXX Miller West, LLC d/b/a Miller West Apartments and Kathleen M. Main, by and through their attorneys, Couzens, Lansky, Fealk, Ellis, Roeder & Lazar, P.C., for their response to the Debtor's Motion for Sanctions states:

Miller West Apartments leased an apartment to the Debtor. The Debtor has not paid rent for a very long time. Kathleen M. Main is Miller West Apartments' attorney who regularly prosecutes eviction actions for her client. Prior to the filing of this bankruptcy, Miller West Apartments filed an eviction action and obtained a Judgment of Possession. The Debtor filed a petition at the eleventh hour in an attempt to stop the eviction. However, she did so rather ham-fistedly and failed to actually procure a Stay against the eviction. The Debtor now wants to claim that the Stay applied to Miller West Apartments and Kathleen M. Main and asks this Court to punish Miller West Apartments and Kathleen M. Main for Stay violations which did not happen.

In conjunction with the filing of the present motion, the Debtor filed an Emergency Motion seeking an injunction and enforcement of the Stay against a pending eviction order. On April 17, 2026, this Court entered an order denying the relief sought in the Debtor's Emergency Motion. A copy of the Order is attached hereto as Exhibit A. Miller West Apartments and Kathleen M. Main incorporate the Factual Background and Analysis found in said Order as if fully restated herein.

The Court has already stated:

> Pursuant to 11 U.S.C. § 362(a)(3), the filing of a bankruptcy petition "operates as a stay ... of ... any act to obtain possession of property of the estate or of property from the estate or to exercise control over property of the estate." Exceptions to the automatic stay are found in § 362(b). Under § 362(b)(22), the filing of a petition does not stay an eviction proceeding where "the lessor has obtained before the date of the filing of the bankruptcy petition, a judgment for possession of such property." However, § 362(l) provides an exception to § 362(b)(22) by establishing a process through which a debtor may obtain a stay even when one does not arise automatically. In re Maggiore, No. 16-60234, 2016 WL 1238852, at *2 (Bankr. N.D. Ohio, March 29, 2016).
>
> Section 362(l) operates in two stages. First, it provides for a temporary stay of thirty days. To qualify, the debtor must certify that applicable non-bankruptcy law permits curing the default underlying the judgment for possession and must deposit, at the time of filing the petition, the full amount of rent that will come due during the thirty-day period following the filing. See, 11 U.S.C. § 362(l)(1). This initial step is implemented through Official Form 101A. Id.; See also, In re Shrum, 597 B.R. 845, 851-4 (Bankr. E.D. Mich. 2019).
>
> In this case, the Debtor filed her bankruptcy petition on December 23, 2025. At that time, Debtor did not file her Official Form 101A or pay the full monthly rent due in the thirty days after the petition was filed as is required by subsection l. Instead, Debtor filed her Official Form 101A and her monthly rent of $1,100 on January 26, 2026, more than one month later. For this reason*, there was no stay in place with respect to the landlord when the bankruptcy was filed and no stay exists to this day.*
>
> * * *
>
> Under 11 U.S.C. § 362(*l*), the Debtor (as movant) has the burden to establish imposition of a stay. Because Debtor neither timely nor correctly met the requirements of § 362(*l*), Debtor did not meet that burden. As a result, under § 362(b)(22), *no stay was ever in place with regard to the eviction action* * * *." (Emphasis added.)

This Court has already concluded that the Automatic Stay was never in place with regard Miller West Apartments' eviction action. Nothing in the Debtor's Motion for Sanctions is different than in her Emergency Motion which would justify any other conclusion. If the Stay was never in place, then Miller West Apartments and Kathleen M. Main could not have violated the Automatic Stay.

MIMG CCXX Miller West, LLC d/b/a Miller West Apartments and Kathleen M. Main pray this Honorable Court deny the relief sought by the Debtor and award it its costs and fees so wrongfully incurred in having to respond to this frivolous motion and the Debtor's clear abuse of the Bankruptcy Code.

Respectfully Submitted,

**COUZENS, LANSKY, FEALK, ELLIS,
ROEDER & LAZAR, P.C.**

By: */s/ Mark S. Frankel*
Mark S. Frankel (P41565)
Attorneys for MIMG CCXX Miller West, LLC
d/b/a Miller West Apartments and
Kathleen M. Main
39395 W. 12 Mile, Suite 200
Farmington Hills, MI 48331
mfrankel@couzens.com
Tel: (248) 489-8600    Fax: (248) 489-4156

Dated: April 23, 2026

# EXHIBIT A

In re:

CATERA SHEPARD,

               Debtor.

_____/

Case No. 25-32768-jda
Hon. Joel D. Applebaum
Chapter 7

## OPINION AND ORDER DENYING DEBTOR'S EMERGENCY MOTION FOR IMMEDIATE TEMPORARY RELIEF AND INJUNCTIVE RELIEF TO STAY ENFORCEMENT OF EVICTION ORDER PURSUANT TO 11 U.S.C. § 105

The matter before the Court involves a dispute between Catera Shepard, a *pro se* chapter 7 debtor, and her landlord, Millerwest Apartments ("Millerwest"), over whether the automatic stay applies to the judgment of eviction Millerwest obtained against Debtor before she filed her chapter 7 case. For the reasons set forth below, this Court finds that the automatic stay does not apply to the Millerwest's judgment of eviction.

## I.     Factual Background

On December 2, 2025, Debtor's landlord, Millerwest, obtained a Judgment of Eviction against Debtor in 67th District Court.

On December 23, 2025, Debtor filed for chapter 7 bankruptcy.

On January 6, 2026, the 67th District Court in the State of Michigan entered an eviction order against the Debtor. The 67th District Court was aware of the bankruptcy filing at the time the eviction order was issued.

On January 7, 2026, the Bankruptcy Court entered an order dismissing Debtor's case for failure to file required documents.

On January 14, 2026, Debtor filed a motion to reopen her case, and the Court entered an order reopening and reinstating Debtor's case on January 15, 2026.

On January 26, Debtor filed her Official Form 101A, Initial Statement About an Eviction Judgment Against You.  On that form, Debtor checked the boxes making the following certification:

I certify under penalty of perjury that:

**X**   Under the state or other nonbankruptcy law that applies to the judgment for possession (eviction judgment), I have the right to stay in my residence by paying my landlord the entire delinquent amount.

**X**   I have given the bankruptcy court clerk a deposit for the rent that would be due during the 30 days after I file the Voluntary Petition for Individuals Filing for Bankruptcy (Official Form 101).

At that time, Debtor provided the Court with a deposit of $1,100 for upcoming rent.  Official Form 101A explains:

Stay of Eviction:   (a) First 30 days after bankruptcy. If you checked both boxes above, signed the form to certify that both apply, and served your landlord with a copy of this statement, **the automatic stay under 11**

2

**U.S.C. § 362(a)(3) will apply to the continuation of the eviction against you for 30 days after you file your Voluntary Petition** for Individuals Filing for Bankruptcy (Official Form 101).

(b) Stay after the initial 30 days.  If you wish to stay in your residence after that 30-day period and continue to receive the protection of the automatic stay under 11 U.S.C. § 362(a)(3), you pay the entire delinquent amount to your landlord as stated in the eviction judgment before the 30 day period ends.  **You must also fill out Statement About Payment of an Eviction Judgment Against You (Official Form 101B), file it with the bankruptcy court, and serve your landlord a copy of it before the 30-day period ends.**

(Dkt. No. 32)(emphasis added).

On March 30, 2026, Debtor moved to voluntarily dismiss her chapter 7 case which was met by an objection by the chapter 7 trustee.

On April 2, 2026, Millerwest filed a new motion for eviction in state court and obtained an eviction order on April 14, 2026.

On April 15, 2026, Debtor filed this emergency motion to stay the eviction order, alleging that the automatic stay is, and has been, in place.

On April 16, 2026, Debtor filed Official Form 101B, Statement About Payment of an Eviction Judgment Against You. On that form, Debtor only makes one of the two certifications required.  That certification states:

I certify under penalty of perjury that (check all that apply):

> X     Under the state or other nonbankruptcy law that applies to the judgment for possession (eviction judgment), I have the right to

> stay in my residence by paying my landlord the entire delinquent amount.
>
> Within 30 days after I filed my Voluntary Petition for Individual Filing for Bankruptcy (Official Form 101), I have paid my landlord the entire amount I owe as stated in the judgment for possession (eviction judgment).

(Dkt. No. 50).

## II. Analysis

Pursuant to 11 U.S.C. § 362(a)(3), the filing of a bankruptcy petition "operates as a stay ... of ... any act to obtain possession of property of the estate or of property from the estate or to exercise control over property of the estate." Exceptions to the automatic stay are found in § 362(b). Under § 362(b)(22), the filing of a petition does not stay an eviction proceeding where "the lessor has obtained before the date of the filing of the bankruptcy petition[ ] a judgment for possession of such property." However, § 362(*l*) provides an exception to § 362(b)(22) by establishing a process through which a debtor may obtain a stay even when one does not arise automatically. *In re Maggiore*, No. 16-60234, 2016 WL 1238852, at *2 (Bankr. N.D. Ohio, March 29, 2016).

Section 362(*l*) operates in two stages. First, it provides for a temporary stay of thirty days. To qualify, the debtor must certify that applicable nonbankruptcy law permits curing the default underlying the judgment for possession and must deposit, at the time of filing the petition, the full amount of rent that will come due

during the thirty-day period following the filing. *See*, 11 U.S.C. § 362(*l*)(1). This initial step is implemented through Official Form 101A. *Id.*; *See also, In re Shrum*, 597 B.R. 845, 851-4 (Bankr. E.D. Mich. 2019).

In this case, the Debtor filed her bankruptcy petition on December 23, 2025. At that time, Debtor did not file her Official Form 101A or pay the full monthly rent due in the thirty days after the petition was filed as is required by subsection *l*. Instead, Debtor filed her Official Form 101A and her monthly rent of $1,100 on January 26, 2026, more than one month later. For this reason, there was no stay in place with respect to the landlord when the bankruptcy was filed and no stay exists to this day.

Debtor has continued to attempt to invoke the stay. On April 16, 2026, almost four months after filing her petition, Debtor filed Official Form 101B. This form pursues the second step of 362(*l*), aimed at allowing a debtor to retain possession of the rental premises. The two steps in 362(*l*), however, are cumulative, and relief under § 362(*l*)(2) is requires compliance with § 362(*l*)(1). *Maggiore*, 2016 WL 1238852, at *2. Debtor's failure to fulfill the first requirement is fatal to additional relief under § 362(*l*)(2), which requires additional certifications and payment of "the entire monetary default that gave rise to the judgment . . ." *Id.* Even if the steps were not cumulative, Debtor again failed to meet the procedural requirements for Official Form 101B because Debtor did not

check both certifications nor did Debtor provide proof of payment to the Court that she cured the *entire* prepetition default.

Under 11 U.S.C. § 362(*l*), the Debtor (as movant) has the burden to establish imposition of a stay. Because Debtor neither timely nor correctly met the requirements of § 362(*l*), Debtor did not meet that burden. As a result, under § 362(b)(22), no stay was ever in place with regard to the eviction action, and Debtor's motion must be denied.

Debtor makes numerous arguments in support of its motion, none of which are persuasive. First, Debtor argues that the automatic stay has been consistently in place since the filing of her bankruptcy. This assertion is plainly incorrect. §362(b)(22). Second, Debtor argues that Millerwest had some type of obligation to let Debtor know about the requirements for imposing a stay in this situation. A creditor, however, is under no obligation to inform a debtor, even a *pro se* debtor, of all of the requirements for obtaining the relief the debtor seeks. Our system is set up to be adversarial and a debtor must advance his or her own positions. Third, Debtor asks that this Court, on the grounds of equity, allow Debtor to cure her missteps. Debtor, however, by choosing not to seek legal representation, takes on some risk that she might miss an important requirement or deadline. While the Court frequently accommodates *pro se* filers when it does not cause great detriment to an opposing party, this is not one of those situations. Millerwest has

2525237886j8aja Dcoc6352   Filed 04/23/26   Entered 04/23/26 09:43:40   Page 6 of 7 11

had the right to enforce its judgment of eviction since December 2, 2026 and has not yet completed the process, leaving Debtor in possession of her apartment for more than four months since the original eviction order.  Fourth, the Debtor argues that the doctrine of laches should prevent Millerwest from evicting her from her apartment.  The doctrine of laches, however, does not apply because the automatic stay was never in effect with respect to Millerwest; any delay by Millerwest only *benefitted* Debtor because she was able to continue possession of her apartment. This Court has reason to believe that Debtor's Motion was generated using generative AI and the Court cautions this Debtor, and all debtors, that Chatgpt, Claude, or any other form of generative AI is no replacement for the services of an actual competent attorney.

For the reasons set forth above, this Court DENIES Debtor's motion.

IT IS SO ORDERED.

**Signed on April 17, 2026**



/s/ Joel D. Applebaum
_____

**Joel D. Applebaum**
**United States Bankruptcy Judge**